(No. 2423—

GEORGE STONE, A MINOR, BY LULA MARSHALL, MOTHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1937.*
*Rehearing denied October 13, 1937.*

T. A. GASAWAY AND G. C. BORDERS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint in this case alleges that George Stone, a minor, was riding in a car on a State Highway known as Route No. 11, which tunneled under the Baltimore and Ohio and Pennsylvania Railroad Tracks, on the Northern City Limits of East St. Louis, Illinois, and that there was constructed along that portion of the Highway usually used, a side walk for the use of foot travelers and pedestrians, and this side walk was protected by a certain iron railing through said tunnel; that said railing was constructed by iron posts and iron pipes spaced about two feet apart, the upper rail or pipe of which was fastened to the iron post by steel clamps; that it became, and was the duty of the Highway Department of the State of Illinois, to use due care and caution to keep

said railing in reasonable repair and safe condition for the use of people lawfully using the Highway; that the Highway department disregarded its duty in this behalf and carelessly and negligently permitted the top iron rail or pipe to become in a bad and unsafe condition and repair; that where the same passes through the tunnel, one end was broken loose from its iron support and the south end of the said top iron pipe bent and protruded into the path where motor vehicles were being driven, and that about the hour of 9:00 P. M. on the 3rd day of July, 1933, the claimant while riding in an automobile traveling in a northerly direction, and while in the exercise of due care and caution for his own safety, struck the said railing with his right arm; that the arm was fractured and remained stiff; that he was put to the expense of $500.00 for doctors' bills and hospital bills, and asks the sum of $10,000.00 damages.

The boy was 18 years of age at the time of the accident. The proof substantiated the charges made in the declaration.

The Attorney General has made a motion to dismiss the case for the reason that damages are sought for an injury sustained because of the alleged negligence of the Highway Department, and urges that the case be dismissed for the reason that in the construction and maintenance of roads the State acts in its governmental capacity,—it is exercising its sovereign powers—and it does not permit these powers to be questioned by any tribunal. It can only act through its officers and employees, and if these officers perform their duties in a negligent manner, the negligence is the negligence of the officers and not of the State. These well known principles of law are so thoroughly established that citation of authorities seems unnecessary. In the case of *Kinnare* vs. *City of Chicago*, 171 Ill. 332, the rule is announced in the following language at page 335: "The State acts in its sovereign capacity, and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for the more efficient exercise of governmental functions is likewise exempted from the obligation to respond in damages, as master, for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly proved by the statute created such agency." See

also *Cooney* vs. *Town of Hartland*, 95 Ill. 616; *Jorgensen* vs. *State*, 2 Ct. Cl. 14; and many other authorities are cited.

Claimant contends that the motion of the Attorney General should be dismissed for the reason that Paragraph 4 of the Court of Claims Act provides that: "The Court of Claims shall have power to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State, as a sovereign commonwealth, should, in equity and good conscience, discharge and pay." This provision of the statute has been before this court in the case of *Crabtree* vs. *State of Illinois*, 7 Court of Claims Reports, page 207, where we said: "The provisions of Paragraph 4 of Section 6 of Court of Claims Act with reference to equity and good conscience merely defines the jurisdiction of the court and does not create a new liability against the State nor increase or enlarge any existing liability and limits jurisdiction of court to claims under which State would be liable in law or equity, if it were suable, and where claimant fails to bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure one."

The motion of the Attorney General to dismiss this case will, therefore, be sustained.

Case dismissed.